### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 23-CR-390-RMR |
| v. ) | |
| ) | |
| LARRY E. CONNER, et al., ) | |
| ) | |
| Defendants. ) | |

### MOTION OF DEFENDANT TIMOTHY MCPHEE TO RECONSIDER ORDER OF DETENTION OR, IN THE ALTERNATIVE, TO SEVER HIS TRIAL FROM THE TRIAL OF HIS CO-DEFENDANTS

Defendant Timothy McPhee ("McPhee"), by and through his undersigned counsel, and pursuant to the Court's Order at the Status Conference herein on May 13, 2025 (Doc. 215), respectfully moves this Court to reconsider the Order of Detention entered herein by Magistrate Judge Prose on February 10, 2025 (Doc. 187) and by the Court on April 14, 2025 (Doc. 191).  In the alternative, Defendant McPhee moves, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, that his case be severed from that of the other defendants in this case.

In support of this motion, Defendant McPhee states as follows:

### Factual and Procedural Background

1. The grand jury returned the original indictment in this case on September 6, 2023.  The original indictment named McPhee and two others (including his wife, Marcia Predmore) as co-defendants. The grand jury returned a superseding indictment on April 24, 2024. The superseding indictment added three co-defendants.  The superseding indictment, as did the original indictment, charges McPhee with one count of conspiracy, eight (8)

counts of aiding and assisting in the preparation of materially false tax returns, and six (6) counts of tax evasion.

2. McPhee's initial appearance and arraignment in this case occurred on September 25, 2023. The Court placed McPhee on bond.

3. The case originally was set for trial beginning May 12, 2025. In October 2024, the Court, upon an unopposed request filed by the Government, rescheduled the trial to begin on October 27, 2025.

4. On December 4, 2024, a grand jury indicted McPhee in a separate case in this District, Case No. 24-CR-352-CNS (the "Second Case"). The same prosecutors brought the Second Case as are handling this case for the Government. The Second Case alleges an investment scheme which allegedly began, and which was known to the Government prosecutors, prior to McPhee's original indictment in this case, but the Second Indictment alleges that some offenses arising out of the alleged investment scheme allegedly occurred after Defendant was placed on bond in this case.

5. Following the indictment in the Second Case, the Government and McPhee's counsel in that case (not the undersigned but a different defense counsel) began discussing McPhee's bond in that case. The discussions were substantive and serious and involved back-and-forth between the parties. Ultimately, the Government and McPhee reached agreement on the bond conditions in the Second Case. Pursuant to the parties' agreement, the Court in the Second Case on January 7, 2025 signed an Appearance Bond and an Order Setting Conditions of Release (Docs. 24 and 25 in the Second Case), which are attached hereto collectively as Exhibit 1.

6. On January 9, 2025, McPhee's probation officer in this case filed a Petition for Summons on Defendant on Pretrial Release (Doc. 173). The probation officer based this petition upon the allegations of the indictment in the Second Case, alleging that McPhee violated the conditions of his bond in this case by committing violations of law while on bond.

7. Magistrate Judge Prose revoked McPhee's bond on January 30, 2025. (Docs. 183, 186 and 187). McPhee has been in custody since that date. On February 13, 2025, McPhee filed a Motion for Revocation or Amendment of the Magistrate Judge's Order of Detention. (Doc. 188). This Court denied that motion on April 14, 2025. (Doc. 191)

8. The Court held a status conference in this case on April 29, 2025. Counsel for all parties were present. At the conference the Government stated that it was prepared to try the case in October 2025, on the date the Court had set the previous October. Counsel for McPhee announced that they also were prepared to try the case at that time. The Court advised the parties that it had a "conflict with [the] upcoming trial date" of October 27, 2025. (Doc. 198). After conferring among themselves, counsel for all defendants told the Court that they would need to consult with their clients about the Court's conflict. Counsel for McPhee specifically stated that they, too, would need to consult with McPhee, but that in light of his detention it was likely that McPhee would object to any delay in the trial date. The Court scheduled another status conference for May 6, 2025, which was subsequently reset for May 13, 2025.

9. On April 29, 2025, counsel for one of McPhee's co-defendants advised all other counsel that, after consulting with Court personnel, available trial dates for the Court, were the trial in this case to be continued, were November 17, 2025; January 5, 2026; March 2, 2026: March 9, 2026; and May 4, 2026. In subsequent communications with counsel, the

undersigned counsel for McPhee reiterated that their client would likely oppose any delay but that, as a matter of scheduling only, they could be available on any of the dates set forth above. However, it was undersigned counsel's understanding that, as a result of attorneys' schedules, the earliest date upon which all counsel said they could be available was the May 4, 2026, date.

10. On May 2, 2025, Defendant Wulstein filed a motion to continue the trial date, for an ends of justice exclusion and for a scheduling order. (Doc. 207).

11. Between May 8 and May 12, 2025, counsel for two of McPhee's co-defendants advised the Court that they did not object to Wulstein's motion (Docs. 211 and 212), while a third co-defendant stated that she joined that motion. (Doc. 213).

12. On May 12, 2025, McPhee filed his Response in Opposition to Wulstein's motion. (Doc. 214).

13. The Court held a status conference on May 13, 2025. At the conference, the Government informed the Court and the defendants, for the first time, that they expect their case-in-chief to last approximately five to six weeks. The Government previously estimated that the entire trial would last six weeks and upon information and belief, the Government's representations were relied on by the Court when the trial was scheduled to commence on October 27, 2025.

14. At the status conference, the Court scheduled a detention hearing for McPhee to be held on May 29, 2025.

## Argument

I. **If the Court grants the Wulstein motion, then the Court should reconsider the Detention Order as to McPhee and should release him on bond.**

Since the decision of the Magistrate Judge to revoke McPhee's bond and order him detained, circumstances have changed. At the time of the detention order, trial was scheduled for October 27, 2025. Now, the Court is contemplating continuing the trial for a bit more than six (6) more months, until early May 2026. If the Court does so, then by the time trial begins McPhee will have been in custody for 15 months without having been convicted of any crime. When considered in the light of the Speedy Trial Act, the Sixth Amendment's speedy trial guarantee and that McPhee has already been detained for nearly four (4) months, the Court should reconsider detention.

As an initial matter, McPhee wishes to remind the Court that, immediately following the indictment in the Second Case, the Government and McPhee (who was still on bond in this case) agreed as to the existence of bond conditions that were appropriate to ensure his appearance (that factor has never seriously been an issue) and protect the public while he stood trial for that case. The Court in the Second Case signed off on the conditions agreed to by the parties in that case. *See* Exhibit 1. That fact should give the Court confidence that appropriate bond conditions can be entered here.

In addition, this Court should take into account a factor that exists now and that did not exist when Judge Prose ordered McPhee detained: McPhee has now learned what life is like in custody. That factor should also give the Court a measure of confidence that he will not commit alleged crimes while on bond.

At the end of the day, McPhee bases this motion upon his belief that if the Court sees fit to exercise its discretion to overrule McPhee's objection to Wulstein's motion and continue the trial for six more months, then the Court should also exercise its discretion to do what is fair and

5

not force McPhee, who has not been convicted of anything, and has not done anything to delay this trial beyond October 27, 2025, to stay locked up for that extended period of time.

This Court should take into account the fact that, to an extent, a factor forbidden by the spirit of the Speedy Trial Act would be contributing to McPhee's lengthy detention if the Court grants Wulstein's motion. "No continuance . . . shall be granted because of general congestion of the court's calendar." 18 U.S.C. § 3161(h)(8). McPhee recognizes that, in light of the Wulstein motion, the Court's grant of *a* continuance here would not be attributable to congestion of the court's calendar. But the length of the requested continuance appears to be due to, not necessarily the court's calendar, but difficulties in coordinating the calendars of the parties' attorneys such that, of the possible trial dates provided by the Court, the earliest one upon which all counsel said they could be available was not until May 2026. As suggested above, that may not contravene the text of the Speedy Trial Act, but it seems to contradict its spirit. McPhee respectfully asks the Court to take it into account in considering his request to be released on bond.

As cited in the Government's Response to the Wulstein motion (Doc. 220), and as discussed in McPhee's Opposition (Doc. 214), the law calls upon the Court to balance three (3) factors when determining the reasonableness of delay thrust on one defendant (McPhee) as a result of a request for delay made by a codefendant. *See* 18 U.S.C. § 3161(h)(6). *See also United States v. Vogl*, 374 F.3d 976, 984 (10th Cir. 2004). Everyone agrees that the first factor (is the defendant detained?) cuts in favor of McPhee and the third factor (interest in preserving court and government resources and only having one trial) cuts against him. The Government, in its response, suggests that the second factor (whether the defendant has zealously pursued his speedy trial rights) does not favor McPhee. McPhee respectfully disagrees.

6

At a status conference on April 29, 2025, McPhee stated that he would be ready for trial on October 27, 2025 and would likely object to any continuance of the trial.[1] Until that date, McPhee had not moved for a speedy trial or otherwise objected on speedy trial grounds because he had previously consented to the Government's October 1, 2024 motion asking the Court to continue the trial date from May 12, 2025 to October 27, 2025 under 18 U.S.C. § 3161(h)(7). The court granted the Government's motion and set the trial date for October 27, 2025 (Doc. 159). Thus, McPhee has been operating under the assumption that his trial would begin in October 2025 and that any request to move the trial date up to some earlier date would not be well-received due to the number of other defendants and their schedules, as well as the Court's availability for a six-week trial. Moreover, his counsel needed to ensure adequate time to prepare for trial in light of the significant discovery in this case. McPhee asserted his speedy trial rights at the first reasonable opportunity since he was detained on January 30, 2025. McPhee had not yet moved to sever his case from the other defendants (until now) because none of his co-defendants moved for a continuance until now.

Since learning of a possible extension of his pretrial detention by over six months, Mr. McPhee has zealously pursued his speedy trial rights. He has announced he is ready for trial in October 2025, has objected to Wulstein's motion to continue, and has moved for severance. This factor weighs *against* a finding of reasonableness. If the Court grants Wulstein's motion, Mr. McPhee should be released on bond.

II. **In the alternative, the Court should sever McPhee's trial from that of his co-defendants.**

---

[1] McPhee was not present at the status conference and his counsel wanted to confer with him before objecting to a continuance.

If the Court grants Wulstein's motion and will not release McPhee on bond, the Court should sever his trial from that of his co-defendants. Even if defendants are properly joined, a court may sever the defendants' trials "if the joinder of offenses or defendants in an indictment…appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Here, a six-month trial delay through no fault of McPhee when he will have already been detained for approximately nine months if the trial begins as scheduled on October 27, 2025, is prejudicial. McPhee recognizes that the law on severance in the Tenth Circuit is not favorable to his position. However, the severance of his trial from that of the other defendants would protect his constitutional right to a speedy trial.

### III. Conclusion

If the Court grants Wulstein's motion, this Court can do so in a way that accommodates both the defendant's interest in not being detained without conviction and the interest in judicial and government economy. This court can and should reconsider McPhee's detention and order him released on bond. In the alternative, the Court should sever McPhee's case from that of the other defendants.

*s/ Sara G. Neill*
Sanford J. Boxerman, #37436MO
Sara G. Neill, #53053MO
Neill Schwerin Boxerman, P.C.
120 South Central Ave., Suite 725
St. Louis, Missouri 63105
Telephone: (314) 887-6997
Facsimile: (314) 887-6997
neill@nsbpc.com
boxerman@nsbpc.com
*Attorneys for Defendant Timothy A. McPhee*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document was filed on May 20, 2025, via the Court's CM-ECF system, for service on all counsel of record.

s/ *Sara G. Neill*